Matter of DeMarco v Monroe County Bd. of Elections (2019 NY Slip Op 07207)





Matter of DeMarco v Monroe County Bd. of Elections


2019 NY Slip Op 07207


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND CURRAN, JJ.


970 CAE 19-01765

[*1]IN THE MATTER OF JOHN L. DEMARCO, PETITIONER-APPELLANT,
v
MONROE COUNTY BOARD OF ELECTIONS, COLLEEN ANDERSON AND DOUGLAS FRENCH, AS COMMISSIONERS CONSTITUTING THE BOARD, KAREN BAILEY TURNER, AS CANDIDATE FOR OFFICE OF MONROE COUNTY COURT, MICHAEL L. DOLLINGER, AS CANDIDATE FOR OFFICE OF MONROE COUNTY COURT AND KYLE R. STEINEBACH, AS CANDIDATE FOR OFFICE OF MONROE COUNTY COURT, RESPONDENTS-RESPONDENTS. 






COUCH WHITE, LLP, ALBANY (JAMES WALSH OF COUNSEL), FOR PETITIONER-APPELLANT. 
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (MATTHEW D. BROWN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS MONROE COUNTY BOARD OF ELECTIONS, COLLEEN ANDERSON AND DOUGLAS FRENCH, AS COMMISSIONERS CONSTITUTING THE BOARD.
SANTIAGO BURGER LLP, PITTSFORD (MICHAEL A. BURGER OF COUNSEL), FOR RESPONDENT-RESPONDENT KYLE R. STEINEBACH, AS CANDIDATE FOR OFFICE OF MONROE COUNTY COURT.
MICHAEL T. ANSALDI, ROCHESTER, FOR RESPONDENT-RESPONDENT MICHAEL L. DOLLINGER, AS CANDIDATE FOR OFFICE OF MONROE COUNTY COURT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 10, 2019 in a proceeding pursuant to Election Law article 16 and CPLR article 78. The order and judgment, inter alia, dismissed the petition. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 and CPLR article 78 seeking, inter alia, to invalidate the ballot with a three-column design that was proposed by respondent Monroe County Board of Elections (Board) for the office of Monroe County Court in the November 5, 2019 general election and to compel the adoption of a ballot with a two-column design. Contrary to petitioner's contention, we conclude that Supreme Court properly dismissed the petition because petitioner did not file a verified petition at the time of commencement as required by Election Law
§ 16-116. "The Election Law requirement of a verified petition is a jurisdictional condition precedent to commencing a proceeding" (Matter of Callahan v Russo , 123 AD2d 518, 518 [4th Dept 1986]; see Matter of Goodman v Hayduk , 64 AD2d 937, 938 [2d Dept 1978], affd 45 NY2d 804 [1978]; Matter of O'Connell v Ryan , 112 AD2d 1100, 1100 [3d Dept 1985], lv denied 65 NY2d 607 [1985]). Thus, although petitioner filed the verification the following day, that subsequent filing was insufficient to cure the jurisdictional defect (see Goodman , 64 AD2d at 938; O'Connell , 112 AD2d at 1100; see also Matter of Haberstro v Scholl [appeal No. 1], 213 AD2d 1082, 1082 [4th Dept 1995]). Contrary to the further contention of petitioner, respondents [*2]did not waive their objection to the defective pleading inasmuch as they "[gave] notice with due diligence to [petitioner's] attorney" of their objection (CPLR 3022).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court